UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LANIER THOMPSON,

    Plaintiff,

v.                                              Case No. 1:12-CV-1332

UNKNOWN RICHARDSON, et al.,           HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, filed a pro se complaint on December 6, 2012, alleging violations of his Eighth Amendment rights. Plaintiff filed an amended complaint on March 5, 2013. On April 24, 2013, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies (dkt. # 16). Plaintiff did not respond to Defendants' motion within the time permitted by the local rules of this district. *See* W.D. Mich. LCivR 7.2(c). On August 1, 2013, the magistrate judge issued a Report and Recommendation (dkt. # 22), recommending that Defendants' unopposed motion be granted because Defendants' evidence showed that Plaintiff failed to exhaust his grievance through all three steps of the prison grievance process. (8/1/13 Report & Recommendation at 5.)

    Plaintiff did not file an objection to the Report and Recommendation within fourteen days as required by 28 U.S.C. § 626(b) and Federal Rule of Civil Procedure 72(b)(2). However, on August 26, 2013, Plaintiff filed an untitled document, which the Clerk docketed as a response to

Defendants' motion for summary judgment. Having reviewed Plaintiff's filing, the Court will consider it an objection to the Report and Recommendation.

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted. Therefore, the Court will grant Defendants' motion for summary judgment.

In support of his Objection, Plaintiff states that he filed a Step I grievance but the grievance coordinator never processed his grievance, so he could not exhaust his grievance through Steps II and III. Plaintiff does not provide an affidavit, nor does he attach a copy of the Step I grievance he claims he filed. Instead, Plaintiff attaches a health care record to demonstrate that he was assaulted.

It is well established that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). *See also Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009) (finding *Howell* and *Freeman v. Bexar*, 142 F.3d 848 (5th Cir. 1998), "persuasive" and concluding that remand was required because the district court failed to recognize and properly exercise its discretion to consider new evidence not presented to the magistrate judge); *Amadasu v. Ngati*, No. 05-CV-2585 (RRM) (LB), 2012 WL 3930386, at *4 (E.D.N.Y. Sept. 9, 2012) ("A district court has discretion to consider new evidence raised for the first time in an objection to a magistrate judge's R & R."). In the instant case, the Court will exercise its discretion to consider Plaintiff's argument and evidence, which Plaintiff did not present to the magistrate judge. Even so, Plaintiff has failed to present sufficient evidence to meet his burden in opposition to Defendants' motion for summary judgment. Plaintiff fails to submit an affidavit or any admissible evidence, such as a copy of his Step I grievance, to defeat Defendants' motion for summary judgment. *See Jennings v. Karnitz*, No. 1:12-CV-175, 2013 WL 791433, at

*2 (W.D. Mich. Feb. 4, 2013) (noting that the plaintiff " has not submitted an affidavit or other evidence to establish that he was refused forms to appeal existing grievances").  While Plaintiff's medical form is evidence that Plaintiff suffered an injury, it does not provide evidence showing that Plaintiff exhausted, or attempted to exhaust, his administrative remedies.  Plaintiff's failure to submit an affidavit or admissible evidence showing that Plaintiff exhausted his administrative remedies is fatal to his claim and entitles Defendants to summary judgment.  Plaintiff's status as a pro se litigant does not excuse his noncompliance with procedural rules.  *See Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003) ("While pro se litigants are afforded significant leeway, those who proceed without counsel must still comply with the procedural rules that govern civil cases." (citation omitted)).

    Therefore,

    **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 1, 2013 (dkt. # 22) is **ADOPTED** as the Opinion of the Court.

    **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 16) is **GRANTED**, and Plaintiff's amended complaint is dismissed for failure to exhaust.

    This case is **concluded**.


Dated:  September 5, 2013                                                  /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE